UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN VALLE,

      Plaintiff,

vs.                          Case No.  3:04-cv-497-J-HTS

JO ANNE B. BARNHART,
U.S. Commissioner of
Social Security,

      Defendant.
_____

**O R D E R**

On October 31, 2005, an Opinion and Order (Doc. #20; Opinion) entered directing the Clerk to enter judgment reversing the Commissioner's decision and remanding for further consideration. *See* Opinion at 14. Thereafter, on January 30, 2006, Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act and the Social Security Act (Doc. #24; Petition) was filed. A fee of $5,473.07 is sought. *See* Petition at 2. This is based on a total of 38.3 hours expended in 2004 and 2005, at an hourly rate of $142.90.[1] *Id.* at 1-2; Itemization of Time (Itemization), attached to the Petition. Defendant partially opposes the Petition. *See* Defendant's Response in Opposition to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #25; Opposition), filed on February 9, 2006.

---

[1] It is noted this rate does not exceed the amount allowed under the Equal Access to Justice Act, 28 U.S.C. § 2412, accounting for adjustments due to an increase in the cost of living. *See id.* § 2412(d)(2)(A). For the purpose of determining the rate of inflation, the Court viewed http://data.bls.gov/cgi-bin/cpicalc.pl (last visited February 22, 2006).

**A. Eligibility**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, eligibility for a fee award requires that: (1) the claimant be a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the Complaint was filed; and (5) there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). It is concluded all five requirements have been met.

**(1) Prevailing Party**

The Judgment in a Civil Case (Doc. #21; Judgment) reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case. The Supreme Court has made clear that "obtaining a sentence-four remand makes the claimant a 'prevailing party' without regard to what happens on the remand." *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 980 (7th Cir. 1999) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Sullivan v. Hudson*, 490 U.S. 877 (1989)). Thus, Plaintiff is deemed a prevailing party.

**(2) Government's Position Not Substantially Justified**

The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification

of her position.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  Hence, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified.  Defendant has omitted any assertion her position was substantially justified. Accordingly, the Court finds it was not.

**(3) Timely Application**

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  "Final judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Since the Commissioner normally has sixty days in which to appeal, Fed. R. App. P. 4(a)(1)(B), a judgment typically becomes final after sixty days, and the plaintiff then has thirty days in which to file his or her application.  *See Shalala v. Schaefer*, 509 U.S. at 297-98; *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).  Here, the Judgment was entered on November 1, 2005, and the Petition was filed on January 30, 2006. Therefore, the Petition was timely filed.

**(4) Plaintiff's Net Worth**

In the Petition, Mr. Valle states he "is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in that Act."  *Id.* at 1.  This uncontested statement is construed to mean, in part, that Plaintiff's net worth at the relevant time was less than $2 million.

**(5)  No Special Circumstances**

There appear to be no special circumstances indicating an award of fees would be unjust.

**B.   Amount of Fees**

The reasonableness of the fees claimed must still be addressed.  *See* 28 U.S.C. § 2412(d)(2)(A).  In this regard, Defendant objects to "[t]he number of attorney hours Plaintiff claims[.]"  Opposition at 2.

More specifically, the Commissioner takes issue with "the 34 hours from April 30, 2005, to May 18, 2005, which Ms. Dumas claims for writing her memorandum."  *Id.* at 3.  It is contended "no novel issues of law or complex set of facts" were set forth.  *Id.*  "The issues concerned only the residual functional capacity finding and whether additional evidence was needed for evaluation of plaintiff's mental status.  Thus, the arguments were straight-forward fact-based discussions."  *Id.*

The Itemization separates the 34 hours at issue into twelve descriptive entries.  Defendant, however, makes no particularized argument concerning them.  It is not known, then, whether the Commissioner believes the time alloted to such tasks as reading the transcript was reasonable, whereas the hours devoted to writing the medical section were not, etc.  The Court has reviewed these entries and the 28-page brief relating thereto and declines to conclude the hours claimed are unreasonable.

Accordingly, it is now

**ORDERED**:

The Petition (Doc. #24) is **GRANTED** and the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney fees in the amount of $5,473.07.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of February, 2006.

                        /s/          Howard T. Snyder
                        HOWARD T. SNYDER
                        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and *pro se* parties, if any